OPINION OF THE COURT
Memorandum.
Possessory final judgment unanimously affirmed without costs.
Nonpossessory final judgment unanimously modified by reducing the amount of the award to the sum of $3,050; as so modified, affirmed without costs.
The final judgment awarding landlord possession and arrears based on tenants’ nonpayment of maintenance is affirmed. Contrary to tenants’ contention, their unauthorized deposits into landlord’s bank account did not constitute payment. “ ‘[P]ayment’ connotes tender by the debtor with the intention to satisfy the debt coupled with its acceptance as satisfaction by the creditor” (United States v Isthmian S.S. Co., 359 US 314, 318-319 [1959]; see Stream v CBK Agronomics, 79 Misc 2d 607, 609 [1974], mod on other grounds 48 AD2d 637 [1975] [“‘(Payment) is an act in which the debtor tenders and the creditor accepts that which is offered’,” quoting Matter of Kelly, 151 Misc 277, 280-281 (1934), quoting Thompson v Kellogg, 23 Mo 281, 285 (1856) (emphasis in original)]; Hutchings v Securities Exch. Corp., 287 Mich 701, 706, 284 NW 614, 616 [1939]; 70 CJS, Payment § 2, at 9-10; 60 Am Jur 2d, Payment § 2). “In the absence of a creditor’s consent, depositing money in a bank or with a third person for the creditor’s account does not constitute payment” (70 CJS, Payment § 6 [b], at 13). Moreover, even where a “debtor has authority to make payment by depositing the money, * * * a mere deposit cannot effectuate payment where the creditor has no knowledge or notice of it, even though, in ignorance of the state of his account, he uses or withdraws a portion of the money so deposited” (id. at 14). Since landlord here had directed that payments be sent to a lockbox, did not consent to tenants’ depositing the rent into its bank account, and was unaware that the deposits were *874 being made, tenants’ deposits did not constitute payment of rent and landlord was within its rights when it promptly, upon discovering the deposits, sent refund checks to tenants, which checks tenants deposited. Thus, when tenants failed, pursuant to landlord’s three-day notice, to retender these maintenance arrears, together with the arrears in additional rent, they were in default even as to the maintenance arrears, and this proceeding properly lies even as to these arrears (RPAPL 711 [2]). Accordingly, we leave the possessory final judgment undisturbed.
With respect to the arrears in additional rent, representing reimbursement for the cost of repairs performed by landlord but which were allegedly tenants’ responsibility under the lease, for which arrears the court awarded landlord only a nonpossessory final judgment, it is our view that the record supports the court’s implicit holding that landlord had either actual or constructive notice of the damage to tenants’ apartment as a result of a fire in the apartment several floors above tenants. In this regard, we note that tenant Mayra Navas testified that tenants left a phone message with the landlord’s managing agent the morning after the fire, and she corroborated this testimony by introducing tenants’ phone bill into evidence. This tenant further testified that they e-mailed landlord’s attorney with respect to the damage to their apartment. Moreover, as the trial court noted, landlord inspected all of the apartments in that line except tenants’. Because landlord had actual or constructive notice of the damage to tenants’ apartment, tenants are not precluded from invoking the lease provision which imposes liability on landlord for damage resulting from a fire. Inasmuch as there is no basis in the record for distinguishing between the damage to the floors of tenants’ apartment, which the trial court properly charged to landlord, and the damage to the paint and plaster on the walls, which the court did not so charge, the award to landlord for the cost of repairs must be reduced by eliminating therefrom the cost of painting and plastering.
With respect to those repairs that were not related to the fire, we hold that the cost of replacing the windows was landlord’s responsibility under the lease and that tenants are only responsible for the electrical repairs. Although tenants claim that the $3,050 charged by landlord’s contractor is unreasonable, they introduced no proof to rebut landlord’s- *875 contractor’s testimony that these charges were fair and reasonable for the work performed. Accordingly, we reduce the nonpossessory final judgment only to the sum of $3,050.
Pesce, P.J., Golia and Rios, JJ., concur.